UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

          Petitioner,                  CASE NO. 2:20-cv-12050

v.

                                   PAUL D. BORMAN
WILLIS CHAPMAN,           UNITED STATES DISTRICT JUDGE
RICARDO MOORE,
and EDWIN HEAP,

          Respondents.

_____/

## ORDER DENYING PETITIONER'S MOTION (ECF No. 7) TO ALTER OR AMEND THE COURT'S ORDER OF DISMISSAL

### I.  Introduction

On July 6, 2020, petitioner Darrin LaPine filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241.  (ECF No. 1.)  At the time, Petitioner was in the custody of the Michigan Department of Corrections.  His petition challenged the Michigan Parole Board's decision to deny him release on parole.   He sought a new parole interview and a declaration that his rights had been violated.

On October 13, 2020, the Court dismissed the habeas petition without prejudice because Petitioner had not shown that he exhausted any state remedies for his claims.  (ECF No. 5.)  Now before the Court is Petitioner's motion to alter or amend the Court's order of dismissal on the basis that he does not have an available state remedy to exhaust.  (ECF No. 7.)  In the alternative, Petitioner seeks

a certificate of appealability and permission to proceed *in forma pauperis* on appeal.

## II.  Discussion

Records maintained by the State of Michigan indicate that on April 28, 2021, Petitioner was released on parole.[1]  Accordingly, the Court considers whether Petitioner's motion is moot.

"Article III, § 2 of the United States Constitution vests federal courts with jurisdiction to address 'actual cases and controversies.'" *Thomas v. City of Memphis, Tennessee*, 996 F.3d 318, 323 (6th Cir. 2021) (quoting *Coalition for Gov't Procurement v. Fed. Prison Indus.*, *Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citing U.S. CONST. art III, § 2)).  "It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).  "In criminal and habeas cases, 'this requirement means that a defendant wishing to continue his appeals after the expiration of his sentence must suffer some "continuing injury" or "collateral consequence" sufficient to satisfy

---

[1]  *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=305535.

Article III.'" *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 751 (6th Cir. 2021) (quoting *Juvenile Male*, 564 U.S. at 936).

"When the defendant challenges his underlying conviction, [the Supreme] Court's cases have long presumed the existence of collateral consequences." *Id*. (quoting *Juvenile Male*, 564 U.S. at 936).  But Petitioner is not challenging his underlying conviction.  Rather, he sought a new parole interview with the goal of being released on parole, and since filing his habeas petition, he has been released on parole.

"A case becomes moot 'when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome.'" *Thomas,* 996 F.3d at 323 (citing *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530 (6th Cir. 2001) (quoting *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  Petitioner no longer has a cognizable interest in a new parole hearing. And even though he also sought a declaratory ruling that his rights had been violated,

> [t]o determine whether a request for declaratory relief is moot, [courts] ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395, 402, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (emphasis altered) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

*Thompson v. DeWine*, 7 F.4th 521, 524 (6th Cir. 2021).

Petitioner's request for declaratory relief is tied to his request for a new parole hearing, and he no longer needs the hearing because he has been granted release on parole.  Thus, no "substantial controversy" of "immediacy and reality" exists to warrant a declaratory judgment.

The remaining question is whether Petitioner is entitled to his alternative request for relief, namely, a certificate of appealability and permission to proceed *in forma pauperis* on appeal.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Even if reasonable jurists could disagree with the Court's resolution of Petitioner's habeas petition, his claims do not deserve encouragement to proceed further, given his release on parole.   Accordingly, the Court will deny Petitioner's requests for a certificate of appealability and for leave to appeal *in forma pauperis*.

### III.  Conclusion

Petitioner's request for habeas relief is moot, and whether Petitioner must exhaust state remedies and has an available state remedy to exhaust are also moot

questions.  Accordingly, the Court denies Petitioner's motion to alter or amend its

order of dismissal.  The Court also declines to grant a certificate of appealability or

permission to proceed *in forma pauperis* on appeal.

s/Paul D. Borman         

PAUL D. BORMAN

Dated: September 30, 2021        United States District Judge

!